UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES, | No. 2:23-cv-0345 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has also filed a motion for a preliminary injunction. ECF No. 3.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 1, 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.   Complaint

A.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

B.   Plaintiff's Allegations

In the complaint, plaintiff claims that defendants Macomber, Lynch, and Franceschi violated her[1] rights under the Eighth and Fourteenth Amendments. ECF No. 1 at 6-7. Macomber is the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and has general oversight responsibilities over all of CDCR, including making sure that policies and procedures of California prisons are lawful. Id. at 7-8. Lynch is the warden at California State Prison-Sacramento (CSP-SAC), and his duties include policy and procedure management, as well as equipment installation and operation. Id. at 8. Franceschi, as Chief of Mental Health for CDCR, is responsible for providing adequate treatment to prisoners regarding their mental health. Id.

Plaintiff alleges that her right to privacy was violated with the installation of cameras within the all-purpose mental health treatment rooms where she receives therapy. Id. at 9. Although plaintiff was told the cameras were not operational and would be removed, the cameras were later activated, leading to custody staff becoming aware of and exposing the issues she

---

[1] Plaintiff states that she uses she/her pronouns. ECF No. 1 at 7. If at any time plaintiff wishes the court to use different pronouns, she may so inform the court.

discussed with her mental health provider. Id. at 10. This has had devastating effects on plaintiff's mental health and well-being. Id. at 10-11, 18. There is no safety related reason to have cameras in the rooms because prior to treatment inmates are strip searched, placed in restraints, and then secured in a holding cell with an outside lock. Id. at 12. Plaintiff's health care providers have expressed concern over the privacy implications of having these cameras in the treatment room to their superiors, and the privacy violations extend to all inmates receiving treatment in those rooms, particularly transgender women. Id. at 11, 17. This concern has led plaintiff to file multiple appeals to CDCR administration regarding this matter with no apparent resolution. Id. at 13-14. Plaintiff requests compensatory and punitive damages, as well as an injunction requiring the removal of the cameras. Id. at 23.

        C.        Discussion

                i.    Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

        In this case, plaintiff alleges that the defendants were deliberately indifferent to her serious medical needs because the disclosure of the contents of her private mental health treatment sessions has affected her treatment and led to extreme levels of distress that has resulted in concerns over her ability to speak freely, difficulties concentrating, increased paranoia, avoidance of others, increased PTSD, trauma, losing her appetite, inability to sleep, and racing thoughts. ECF No. 1 at 5, 18, 21. The allegation that plaintiff's direct mental health care providers expressed their concerns to "their leadership," supports an inference that Franceschi, as Chief of Mental Health, was aware of the cameras use, the possibility of harm, and resulting harm and had some authority to intervene. Similarly, the allegedly widespread nature of the violations,

1  coupled with Lynch's responsibility for the decision to install and turn on the cameras, supports
2  an inference that Lynch, as warden of CSP-SAC, was aware of the privacy violations and
3  detrimental effect they would have.  Despite Franceschi and Lynch's awareness of the violations,
4  neither took any action and plaintiff therefore sufficiently states deliberate indifference claims
5  against them.  However, there is no respondeat superior liability under section 1983.  Other than
6  general supervisory responsibilities, plaintiff has not alleged any facts that would suggest that
7  Macomber "participated in or directed the violations, or knew of the violations and failed to act to
8  prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Therefore, plaintiff has not
9  sufficiently stated a claim for deliberate indifference against Macomber.

                ii.  Right to Privacy

11  The Constitution protects the individual's interest in avoiding disclosure of personal
12  matters. Whalen v. Roe, 429 U.S. 589, 599 (1977).  This includes medical information. Tucson
13  Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004), abrogated on other grounds, Dobbs
14  v. Jackson Women's Health Org., 597 U.S. 215 (2022).  The privacy protections afforded to
15  personal information, however, are not absolute, and can be infringed when there is a "proper
16  governmental interest." United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (9th Cir.
17  1980).
18  In this case, plaintiff alleges that the defendants violated her right to privacy, specifically
19  as it pertains to her medical treatment, gender identity, and sexual orientation.  ECF No. 1 at 6-7.
20  Plaintiff's complaint hinges on the viewing of her private medical treatment sessions by custody
21  officials, as well as the subsequent disclosure of her transgender status and sexual orientation to
22  other inmates in her unit. Id. at 10.  As there appears no legitimate penological interest in custody
23  officials watching and then sharing the contents of plaintiff's private therapy sessions, she has
24  sufficiently stated a claim for violation of her right to privacy.  For the same reasons plaintiff
25  sufficiently alleged that Franceschi and Lynch were liable for violating her Eighth Amendment
26  rights, she has sufficiently alleged that they are liable for the violation of her Fourteenth
27  Amendment rights.  However, as with the Eighth Amendment claim, plaintiff fails to state a
28  Fourteenth Amendment claim against Macomber.

###### iii. Official Capacity

Plaintiff states she is suing the defendants in their individual and official capacities. ECF No. 1 at 18. However, claims for damages against state officials acting in their official capacity are barred by sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted). Accordingly, any claim for damages against defendants in their official capacities is barred.

To the extent plaintiff seeks injunctive relief in the form of removal of the cameras in the two mental health all-purpose rooms (ECF No. 1 at 23), Lynch, as the person who is responsible for equipment installation, appears to be the appropriate person from whom to request this relief. Plaintiff therefore properly states a claim for injunctive relief against Lynch in his official capacity. See Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014) (to state a claim for injunctive relief plaintiff must "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief" (citation omitted)). Because Lynch appears to be the most appropriate defendant to provide the requested injunctive relief, any official capacity claims against Macomber and Franceschi are redundant because an official capacity claim is equivalent to a claim against the entity and they can therefore be dismissed. See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (where local government entity and officer are both named and officer is named in official capacity only, officer may be dismissed as redundant) (citations omitted); Hodgins v. Woodford, No. 05-cv-0682 MCE GGH, 2006 WL 2482423, at *2, 2006 U.S. Dist. LEXIS 63991, at *7 (E.D. Cal. Aug. 28, 2006) ("It is not necessary to name multiple defendants in their official capacity. Plaintiff need only name that official who has some cognizance over the policy at issue and who could effectively issue orders within CDCR if the court were to rule in plaintiff's favor.").

#### D. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any

cognizable claims against Macomber in his individual capacity and that the official capacity claims against Macomber and Franceschi are redundant. However, it appears that plaintiff may be able to allege facts to remedy some of the deficiencies and she will be given the opportunity to amend the complaint if she desires. Plaintiff may proceed forthwith to serve defendants Lynch and Franceschi on her claims that they violated her rights under the Eighth and Fourteenth Amendment and on her official capacity claim against Lynch, or she may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how she wishes to proceed. If plaintiff chooses to amend the complaint, she will be given thirty days to file an amended complaint. If plaintiff elects to proceed on her claims against defendants Franceschi and Lynch without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against Macomber and the official capacity claims against Francheschi.

If plaintiff chooses to file an amended complaint, she must demonstrate how the conditions about which she complains resulted in a deprivation of her constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Motion for Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction in which she requests an order directing that all cameras be removed from the mental health treatment rooms in the short-term restrictive housing unit at CSP-SAC.  ECF No. 3.

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984))).

Because plaintiff has been transferred out of CSP-SAC and has not alleged any facts showing she has a reasonable expectation of being transferred back, her request for preliminary injunctive relief is moot, and therefore, should be denied.  See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]" (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))).

### IV. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. Your right to privacy and deliberate indifference claims against Franceschi and Lynch properly state a claim, while those same claims against Macomber do not. To link the claims to Macomber more information is needed about how he was personally involved in the violations or had knowledge of the violations and failed to stop them.

You have a choice to make. You may *either* (1) proceed immediately on your right to privacy and deliberate indifference claims against Franceschi and Lynch and claim for injunctive relief against Lynch and voluntarily dismiss the other claims *or* (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against Macomber and the claim for injunctive relief against Franceschi. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's allegations against defendant Macomber in his individual capacity do not state claims for which relief can be granted and her official capacity claims against Macomber and Franceschi are redundant.

4. Plaintiff has the option to proceed immediately on her Eighth and Fourteenth Amendment claims against defendants Franceschi and Lynch in their individual capacities and

9

against Lynch in his official capacity as set forth in Section II.C above, or to amend the complaint.

    5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether she wants to proceed on the screened complaint or whether she wants to file an amended complaint.  If plaintiff does not return the form, the court will assume that she is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendant Macomber and the official capacity claims against Franceschi.

    IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 3) be DENIED as moot.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 20, 2024

                                                  ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER, et. al.,<br><br>        Defendants. | No.  2:23-cv-0345 AC P<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on her Eighth and Fourteenth Amendment claims against defendants Franceschi and Lynch in their individual capacities and against Lynch in his official capacity without amending the complaint.  Plaintiff understands that by going forward without amending the complaint she is voluntarily dismissing without prejudice all claims against Macomber and her official capacity claims against Franceschi pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                Michael E. Jacques
                                                Plaintiff pro se

1